# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re: Susan Schwechel

      Debtor.                                           Case No.: 06-25694-SVK/13

**Susan Schwechel,**

**Nathan Gilbert,**

      Plaintiffs,

v.                                                               Adv. Proceeding No.

**Kettle Moraine Lutheran High School,**

**Dave Bartelt,**

**Wisconsin Evangelical Lutheran Synod ("WELS")**
**of Southeastern Wisconsin,**

      Defendants.

## COMPLAINT FOR AN IMMEDIATE TURNOVER OF EDUCATIONAL TRANSCRIPTS AGAINST DEFENDANTS

Now comes the Plaintiff/debtor and Plaintiff, by their attorney William H. Green of Green & Kapsos Law Offices, L.L.C., and as for a complaint against the Defendants, herein allege as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2. This adversary proceeding is brought pursuant to F.R.B.P. §7001 and §362 of Title 11, United States Code (Bankruptcy Code).

3. Venue is appropriate in this Court under 28 U.S.C. §1409 (a).

4. This is a core proceeding as defined by 11 U.S.C. §542(a) and §543(b)(1).

5. That Plaintiff/debtor, Susan Schwechel, is an individual resident of the State of Wisconsin and is the legal guardian of Plaintiff, and she resides at 10773 W. Appleton Ave., Milwaukee, Wisconsin.

6. That Plaintiff Nathan Gilbert, is a minor child and the son of Plaintiff/debtor who lives and resides at 10773 W. Appleton Avenue, Milwaukee, Wisconsin with the Plaintiff/debtor.

7. That Defendant Kettle Moraine Lutheran High School ("The School") is a private Lutheran High School, located at 3399 Division Road, Jackson, Wisconsin.

8. That Defendant David Bartelt is an individual resident of the State of Wisconsin, who works as the Superintendent of The School, with an office located at 3399 Division Road, Jackson, Wisconsin.

9. That Defendant Wisconsin Evangelical Lutheran Synod of Southeastern Wisconsin ("WELS"), is a Lutheran religious organization, and upon information and belief, is the controlling entity of Defendant The School, and has it's principal offices located at 2929 N. Mayfair Road, Milwaukee, Wisconsin.

10. That Plaintiff/debtor enrolled Plaintiff in The School and he attended The School from Fall semester 2004 through Spring semester 2005 as a high school student.

11. That Plaintiff/debtor owed The School $2,500.00 in back tuition for Plaintiff's high school tuition.

12. That on October 11, 2006, Plaintiff/debtor filed for relief under Chapter 13 in the Eastern District of Wisconsin, case number 06-25694-SVK/13.

13. That The School was listed as an unsecured creditor in Plaintiff/debtor's bankruptcy case, and was properly informed of Plaintiff/debtor's bankruptcy.

14. That Plaintiff began school in the Germantown public school district at Germantown High School, and said High School requested Plaintiff's former school records from Plaintiff/debtor.

15. Plaintiff/debtor then requested Plaintiff's school transcripts from The School so that he could receive proper credit from his new school for courses taken.

16. That The School refused to release Plaintiff's transcripts because the Plaintiff/debtor had the outstanding tuition balance of $2,500.00 with The School.

17. That Plaintiff/debtor contacted The School on several occasions to get it to release the Plaintiff's transcripts and The School refused to do so.

18. That Plaintiff/debtor's attorney contacted The School in April, 2006 and spoke with Defendant Bartelt to request that The School release the transcripts to Plaintiff/debtor immediately, and Defendant Bartelt refused.

19. That Defendant Bartelt called Plaintiff/debtor's attorney on April 19, 2007 and stated the Finance Committee of The School had met and discussed releasing the transcripts, and decided to not release them without a court order.

20. That Defendants were made aware that Plaintiff/debtor and Plaintiff were deeply distressed by the Defendants' refusal to release the educational records thus affecting Plaintiff's educational future, leading to sleepless nights and a great deal of worrying by Plaintiff/debtor and Plaintiff.

21. That on April 19, 2007, Plaintiff/debtor's attorney sent a letter to Defendant Bartelt informing him that his and The School Finance Committee's refusal to release the transcripts were a violation of Title 11 U.S.C. § 362 (a), and further stated that The School had 10 days to turn over the transcripts or a law suit would be filed in Bankruptcy Court against The School.

22. That in response to Plaintiff/debtor's attorney's letter, a facsimile transmission was received by Plaintiff/debtor's attorney dated April 27, 2007 containing a letter from Marc B. Frey who identified himself as the Business Manager at The School, and the letter stated in part, "Ms. Schwecel paid $1,175.00 and Kettle Moraine Lutheran High School Foundation gave $900.00 in assistance toward Nathan's account. Therefore, we will release Nathan's Fall 2004's grades to you."

23. That said facsimile omitted Plaintiff's complete school transcript, including his Spring 2004 and complete 2005 transcripts.

24. That to date, The School is still withholding the Plaintiff's complete transcripts.

25. That Plaintiff/debtor's debt to The School was properly included in her bankruptcy and is properly dischargeable in said bankruptcy.

26. That Plaintiff/debtor and Plaintiff have suffered actual damages in the cost of bringing this litigation and in attorney fees.

27. That Plaintiff/debtor's debt to The School is not an educational loan excepted from discharge under 11 U.S.C. § 523(a)(8); therefore, Plaintiff/debtor is entitled to discharge of said debt.

28. That The School's withholding of Plaintiff's educational transcripts violates the automatic stay of Title 11 U.S.C. § 362 (a) (6), and amounts to an attempt to collect a debt against Plaintiff/debtor.

29. That The School's withholding of Plaintiff's educational transcripts violates the discharge injunction of Title 11 U.S.C. § 524(a)(2).

30. That Plaintiff/debtor wishes for an immediate turnover of her Plaintiff's complete educational records from Defendants based upon the following:

    a. That there are no genuine issues of material fact concerning whether The School violated the Automatic Stay in Plaintiff/debtor's bankruptcy and thus Defendants violated Title 11 U.S.C. § 362 (a);

    b. That Irreparable harm has been suffered by Plaintiff/debtor and Plaintiff through Defendants' willful and wanton misconduct in violation of Title 11 U.S.C. § 362 (h);

    c. That Defendants failed to provide the transcripts out of malice toward Plaintiff/debtor and Plaintiff;

d. That Defendant Bartelt has vicarious liability for his deliberate and willful refusal to release Plaintiff's educational records;

e. That Defendants placed deliberate infliction of mental distress upon Plaintiff/debtor and Plaintiff through their refusal to release the educational transcripts;

f. That Defendants interfered with the contract of Plaintiff/debtor and Plaintiff as it applies to Plaintiff's education.

**WHEREFORE,** Plaintiff/debtor and Plaintiff pray that this Court grant summary judgment that the debt to The School is dischargeable, grant an injunction requiring immediate turnover of Plaintiff's complete educational records, and pursuant to 11 U.S. C. § 362 (h), award Plaintiff/debtor and Plaintiff actual damages, attorney's fees and punitive damages against Defendants, and provide any further relief the Court deems just and equitable.

Dated at Milwaukee, Wisconsin this 6th day of May, 2007.

          **GREEN & KAPSOS LAW OFFICES, L.L.C.**
          Attorneys for Plaintiff/debtor and Plaintiff


          _/s/ William H. Green___
          William H. Green
          State Bar No.: 1001678

**P. O. ADDRESS**:
3216 S. 92nd St., #201
Milwaukee, WI 53227
(414) 543-5369--telephone
(414) 543-1164 --facsimile